**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:22-cv-22281-KMM

HOWARD MICHAEL CAPLAN,

    Plaintiff,

v.

K & K TIRES SHOP INC. and
12305 LLC,

    Defendants.
_____ /

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Plaintiff Howard Michael Caplan's ("Plaintiff") Unopposed Motion for Bill of Costs and Attached Bill of Costs (ECF No. 34), filed pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Local Rule 7.3(c).[1]  The Motion is unopposed.  (ECF No. 34 at 5).  The Motion was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law.  (ECF No. 35).  Having considered the Motion, the supporting materials attached thereto, the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Motion (ECF No. 34) be **GRANTED**.

**I.    BACKGROUND**

This is an action for a declaratory judgment and for injunctive relief, brought under the

---

[1] The Motion refers to Plaintiff as "Renzo Barberi."  While Mr. Barberi has been a plaintiff in other cases before this Court brought under the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, Mr. Barberi is not the plaintiff in this case.  The Court construes the reference to Mr. Barberi as a scrivener's error.

1

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, by Plaintiff Howard Michael Caplan, who is a tester under the ADA, against Defendants K & K Tires Shop, Inc. and 12305 LLC (collectively, "Defendants"). In his Complaint (ECF No. 1), Plaintiff alleges various ADA violations with respect to Defendants' parking lot and the entrance to the K & K Tire Shop. Defendants answered the Complaint, admitting each and every allegation asserted against them therein. (ECF No. 20). Accordingly, Defendants filed an unopposed Consent to Judgment (ECF Nos. 23, 26).

On November 4, 2022, the District Court entered Final Judgment in favor of Plaintiff, and against Defendants (ECF No. 27); the District Court's Final Judgment was entered on the docket on November 9, 2022. On December 9, 2022, Plaintiff filed his first Motion for Bill of Costs and Attached Bill of Costs (ECF No. 31). The Court denied the motion without prejudice, on December 13, 2022, for failure to provide invoices or other documentation in support of the request for costs, as required by Local Rule 7.3(c). (ECF No. 33). This second Motion (ECF No. 34) followed.

**II.   LEGAL STANDARD**

Plaintiff, as the prevailing party, is entitled to recuperate costs associated with the litigation. Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees. There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are

necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

"[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

### III. DISCUSSION

Plaintiff seeks to recover $492.40 of costs incurred, consisting of: (1) $402.00 associated with fees of the clerk; (2) $86.00 in fees for service of process; and (3) $4.40 in postage costs. (ECF No. 34); (ECF No. 34-1). In support of his request, Plaintiff has attached invoices evidencing the costs incurred. Plaintiff also seeks post-judgment interest on any award of costs, pursuant to 28 U.S.C. § 1961.

Plaintiff represents that Defendants do not oppose the Motion; indeed, Defendants did not file a response, and the time to do so has passed. Nonetheless, the Court reviews each invoice for whether Plaintiff may properly be awarded the costs sought under § 1920 and Rule 54(d).

#### A. Fees of the Clerk

Plaintiff seeks to tax $402.00 in fees paid to the Clerk of Court; specifically, the $402.00 fee paid in connection with filing this case. (ECF No. 34 at 3). The receipt for the filing fee is identified on the docket, *see* (ECF No. 1), and Plaintiff's counsel has provided an invoice for the

same, *see* (ECF No. 34-2). Because Plaintiff is entitled to the full amount of the filing fee, *see* 28 U.S.C. § 1920(1); *Mendez v. Integrated Tech Grp., LLC*, No. 18-22059-CIV, 2020 WL 6826355, at *4 (S.D. Fla. Nov. 20, 2020), Plaintiff's request for filing fees in the amount of $402.00 should be granted.

### B. Service of Process

Next, Plaintiff seeks to recover $86.00 in costs incurred for service of process on Defendants, consisting of $43.00 for service of process on K & K Tires Shop, Inc., and $43.00 for service of process on 12305 LLC.

Under 28 U.S.C. §§ 1920 and 1921, private process server fees may be taxed so long as the taxable costs of the process server are limited to the statutory fees that § 1921(b) authorizes. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Section 1921(b) states that the Attorney General shall prescribe the fees to be taxed and collected under subsection 1921(a). "Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service provided." 28 U.S.C. § 1921(b). Private process fees may be taxed but must not exceed the $65.00 per hour amount charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114. *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017).

Here, Plaintiff seeks to recover the cost of service of process on each Defendant in an amount less than the $65.00 per hour fee charged by the U.S. Marshal. Plaintiff supports this request with invoices evidencing the $43.00 cost incurred for service of process on each Defendant. Accordingly, I recommend that Plaintiff be permitted to recover $86.00 in fees associated with service of process on Defendants.

### C. Postage Fees

Plaintiff also seeks to recover $4.40 in postage costs incurred in sending mail to Defendants. Plaintiff argues that he is entitled to recover this cost under 42 U.S.C. § 12205, which authorizes the recovery of litigation expenses beyond those permitted under 28 U.S.C. § 1920.

In ADA cases, the Court "may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and cost[.]" 42 U.S.C. § 12205. While postage costs are generally not taxable under § 1920, courts in this District have awarded a prevailing plaintiff such costs in an ADA case where the postage expenses were minimal. *See Caplan v. Rehabclinics (PTA) Inc.*, No. 19-CV-62890, 2020 WL 3977140, at *7 (S.D. Fla. July 13, 2020) (awarding $1.92 in postage expenses in ADA case); *see also Access 4-All, Inc. v. Shoppes on 18th St., Inc.*, No. 08-61691, 2009 WL 10690913, at *6 (S.D. Fla. Oct. 28, 2009) (observing that "some courts permit a party to be reimbursed for postage in an ADA case" but noting that "such costs must [be] specifically identified"). Here, the request for $4.40 in postage costs is minimal and is supported by certificates of mailing issued by the United States Postal Service. (ECF No. 34-4). Accordingly, I recommend that Plaintiff be awarded $4.40 in postage costs.

### D. Request for Interest

Last, Plaintiff requests that the award of costs in his favor accrue interest at the statutory rate. Plaintiff may accrue interest on an award of taxable costs. *See Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *8 (quoting *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994)) ("The Eleventh Circuit, recognizing that § 1961(a) applies to awards of costs, has held that 'interest shall accrue on . . . taxable costs[.]'").

Accordingly, the undersigned recommends that Plaintiff be awarded interest on the award

of costs, in accordance with 28 U.S.C. § 1961.

E. **RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff Howard Michael Caplan's Unopposed Motion for Bill of Costs and Attached Bill of Costs (ECF No. 34), be **GRANTED**, and that Plaintiff be awarded a total of **$492.40** in taxable costs, entered against Defendants K & K Tires Shop, Inc. and 12305 LLC, consisting of $402.00 for the filing fee in this case, $86.00 for service of process on Defendants, and $4.40 in postage costs, to accrue interest in accordance with 28 U.S.C. § 1961.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 24th day of January, 2023.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: Honorable K. Michael Moore
Counsel of Record